James W. **BRUMFIELD,** husband, and the marital community composed thereof; et al., Plaintiffs–Appellants,

v.

**FLUOR HANFORD INC.,** a Washington corporation; et al., Defendants–Appellees.

No. 04–35790.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted July 31, 2006.*

Filed Jan. 8, 2007.

James W. Brumfield, Richmond, WA, pro se.

Mila Brumfield, Richmond, WA, for Plaintiffs–Appellants.

Michael B. Saunders, Esq., Halvorson & Saunders, Seattle, WA, Miller Mertens & Spanner PLLC, Kennewick, WA, Steven M. Robey, Bellingham, WA, for Defendants–Appellees.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

James Brumfield and his wife (Brumfield) appeal pro se from the district court's Fed.R.Civ.P. 12(b)(6) dismissal of their action alleging violations of ERISA and supplemental state law claims against Brumfield's former employer, Fluor Hanford, Inc., and its health care and disability insurers. Brumfield's claims were based upon defendants' alleged failure to inform Brumfield of the medically diagnosed condition of depression, defendants' alleged wrongful termination of Brumfield, and defendants' alleged failure to provide Brumfield with long term disability benefits. We have jurisdiction under 28 U.S.C. 1291. We review de novo the district court's dismissal of a complaint for failure to state a claim. *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir.2000).

After reviewing the appellate record and applicable law, we affirm the judgment of the district court and adopt the district court's analysis.

Brumfield argues that defendants had an affirmative responsibility under the employment contract to follow up on any employee who is sent for a fitness for duty exam and then to remove him from employment if necessary. Brumfield also argues that the defendants had a contractual duty to mediate. The complaint contains no allegations of such contractual obli-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

gations. To the extent these are new allegations, they were not raised below and will not be considered for the first time on appeal. *Cold Mountain v. Garber,* 375 F.3d 884, 891 (9th Cir.2004) ("In general, we do not consider an issue raised for the first time on appeal."). Even if such allegations were cognizable, they would, similar to Brumfield's other claims, be barred by the applicable Washington statutes of limitations. We have considered Brumfield's remaining arguments and are not persuaded of their merit.

Brumfield's motions to vacate prior judgments, to suppress evidence, and to augment the record are denied. No further motions will be considered in this appeal. Fluor's request for attorneys fees and costs is denied.

AFFIRMED.